UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| G.S. CARPENTRY, INC. : | |
|              Plaintiff, : | |
| : | |
|      v. : | No. 5:23-cv-0972 |
| : | |
| MARKEL CORPORATION; : | |
| EVANSTON INSURANCE COMPANY; : | |
| ESSEX INSURANCE COMPANY; and : | |
| MARKEL SERVICES INCORPORATION;: | |
|              Defendants. : | |

_____

**O P I N I O N**
**Defendant Markel Services Incorporation's Motion to Dismiss, ECF No. 10 - Granted**

**Joseph F. Leeson, Jr.**                                                                    **July 31, 2023**
**United States District Judge**

### I.    INTRODUCTION

Plaintiff G.S. Carpentry, Inc. ("G.S.") is a construction company suing its insurance provider and affiliated entities for denying workplace injury liability coverage. G.S. alleges Defendants deceived it to avoid providing the desired coverage. G.S. names the following defendants: (1) Markel Corporation ("Markel"), parent company of the remaining defendants, (2) Evanston Insurance Company, (3) Essex Insurance Company, and (4) Markel Service, Incorporated ("MSI") (erroneously identified as "Markel Services Incorporation"). MSI has filed a Motion to Dismiss arguing that G.S. failed to state a claim against MSI. For the following reasons, the Motion to Dismiss is granted.

### II.    BACKGROUND

The following facts are alleged in the Amended Complaint. On April 5, 2019, G.S., a construction company, purchased a commercial insurance policy ("the policy") from Defendants, which it renewed annually through 2022. Pl's. Am. Compl. ¶¶ 3, 8-9, ECF No. 4. Defendants'

website advertised a niche in construction insurance and an ability to "guide" customers to policies "tailored" to their needs. *Id.* ¶¶ 17-18. G.S. alleges Defendants assigned it a policy that did not provide coverage against worker injury liability, despite Defendants' expertise and knowledge indicating G.S. might need such a policy. *Id.* ¶¶ 20-24. On February 12, 2020, Vandeir DaSilva, an employee of one of G.S.'s subcontractors, fell and fractured his arm at work. *Id.* ¶ 11. DaSilva is currently suing G.S. for damages in the New Jersey Superior Court. *Id.* ¶ 12. Defendants denied G.S. insurance coverage in connection with the DaSilva lawsuit. *Id.* ¶¶ 13, 23.

The Amended Complaint does not define Defendants' individual roles, but the policy endorsements generally contain Markel's label and identify Evanston as the insurer. *See, e.g.*, Ins. Policy at 29, ECF No. 4-1 (identifying Evanston as the insurance company, stating "this policy is provided by the Company (Insurer)"). The policy also contains a Form identifying Essex Insurance Company. *See id.* 18, 38. Neither the Amended Complaint, nor the policy, identify MSI's role. The Amended Complaint asserts the following claims: Breach of Contract (Count I), Breach of Fiduciary Duty (Count II), Unfair Trade Practices under 73 Pa. §§ 201-1 (Count III), and Bad Faith under 42 Pa. C.S.A. § 8371 (Count IV).

On June 26, 2023, MSI filed a Motion to Dismiss G.S.'s claims with prejudice. *See* MSI's Mot. to Dismiss, ECF No. 10. MSI states that it is the claim services manager for Evanston, a separate legal entity, and is responsible for handling insurance claims tendered to Evanston. *See id.* 1-2. MSI argues that because there is no contract between MSI and G.S., the breach of contract and breach of fiduciary duty claims against MSI fail as a matter of law. *See id.* 2-3. MSI further contends that because it is not an insurer and did not issue the policy at issue, G.S. is unable to state a claim for a violation of the UTPCPL or bad faith. *See id.* 3.

On July 11, 2023, after G.S. failed to timely respond to the Motion to Dismiss, this Court ordered G.S. to file a brief in opposition no later than July 18, 2023, and advised that failure to respond may result in the Court granting the Motion as uncontested. *See* Order, ¶¶ 1-2, ECF No. 14 (citing E.D. Pa. L.R. 7.1).[1]  To date, G.S. has not filed a brief in opposition to the Motion to Dismiss.

### III.  LEGAL STANDARDS

#### A.  Motions to Dismiss under Rule 12(b)(6) – Review of Applicable Law

In rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted).  Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense").  "[I]n light of *Twombly*, Rule 8(a)(2) requires a 'showing' rather than a blanket assertion of an entitlement to relief. [W]ithout some factual allegation in the complaint, a

---

[1]  E.D. Pa. L.R. 7.1 (providing that "any party opposing the motion shall serve a brief in opposition together with such answer or other response that may be appropriate, within fourteen (14) days after service of the motion and supporting brief [and i]n the absence of timely response, the motion may be granted as uncontested").

claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." *Phillips*, 515 F.3d at 233 (citing *Twombly*, 550 U.S. at 555 n.3). *See also* Fed. R. Civ. P. 8(a) (requiring the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief").

"[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007). *See also Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) ("In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (holding that "a document integral to or explicitly relied upon in the complaint may be considered" (internal quotations omitted)). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)). In the Eastern District of Pennsylvania, if any party opposing a motion does not file a response within fourteen days of being served the motion, the court may grant the motion as uncontested. *See* E.D. Pa. L.R. 7.1.

B.  **Breach of Contract – Review of Applicable Law**

To establish a breach of contract, the plaintiff must show: (1) the existence of a contract; (2) that the defendant breached a duty imposed by that contract; and (3) damages caused by the breach. *See Revzip, LLC v. McDonnell*, No. 3:19-cv-191, 2019 U.S. Dist. LEXIS 211836, at *10-11 (W.D. Pa. Dec. 9, 2019) (citing *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v.*

4

*Law Firm of Malone Middleman, P.C.*, 137 A.3d 1247, 1258 (Pa. 2016)). "Under Pennsylvania law, a contract is formed when the parties (1) reach a mutual understanding, (2) exchange consideration, and (3) delineate the terms of the bargain with sufficient clarity." *Tuff Wrap Installations Inc. v. Cleanwrap, Inc.*, No. 11-2576, 2011 U.S. Dist. LEXIS 70543, at *18 (E.D. Pa. June 29, 2011) (citing *Weavertown Transport Leasing, Inc. v. Moran*, 834 A.2d 1169, 1172 (Pa. Super. 2003)).

      C.      **Breach of Fiduciary Duty By An Insurer – Review of Applicable Law**

The law in Pennsylvania regarding breach of fiduciary duty in the insurance context is unsettled. *See Bauer v. Benefit Consumer Disc. Co.*, 2007 U.S. Dist. LEXIS 88415, *15-20 (W.D. Pa. Dec. 3, 2007) (comparing cases that recognize a breach of fiduciary duty claim in limited insurance contexts with cases declining to recognize a breach of fiduciary duty claim in the insurance context). The courts generally agree "the mere fact that an insurer and an insured enter into an insurance contract does not automatically create a fiduciary relationship," but "the contract and the duties it imposes can give rise to a fiduciary relationship between the parties." *See Connecticut Indem. Co. v. Markman*, 1993 U.S. Dist. LEXIS 10853, *16-17 (E.D. Pa. Aug. 5, 1993). Typically, "the purchase of insurance is considered an arm's-length transaction, in which the insurer incurs no fiduciary duty apart from those that may be defined in the contract for insurance [and] an agent typically does not incur a fiduciary duty by selling a policy to an insured." *See Dixon v. Northwestern Mut.*, 146 A.3d 780, 787-88 (Pa. Super. Aug. 25, 2016) (internal quotations and citations omitted). "In order for a fiduciary duty to exist, the insurer and/or the agent must have a confidential relationship with the insured." *Id.* A confidential relationship can be established by showing that the "parties do not deal on equal terms, but, on the one side there is an overmastering influence, or, on the other, weakness, dependence or trust, justifiably reposed." *Yenchi v. Ameriprise Fin., Inc.*, 161 A.3d 811, 820 (Pa. June 17, 2017)

(internal quotations omitted).  The courts disagree, however, whether Pennsylvania law allows for a separate tort for breach of fiduciary duty in the insurance context or whether the claim should be raised under breach of contract or the bad faith statute.  *See, e.g. Ingersoll-Rand Equip. Corp. v. Transportation Ins. Co.*, 963 F. Supp. 452, 453-454 (M.D. Pa. May 5, 1997) ("In Pennsylvania, there is no separate tort-law cause of action against an insurer for negligence and breach of fiduciary duty: such claims must be brought in contract."); *Wood v. Allstate Ins. Co.*, 1996 U.S. Dist. LEXIS 16332, *6 (E.D. Pa. Nov. 1, 1996) (concluding that a cause of action for bad faith under § 8371 "subsumes claims for breach of fiduciary duty").

      D.      **Unfair Trade Practices - Review of Applicable Law**

Pennsylvania's Uniform Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. §§ 201-1 – 201-10, "'creates a private right of action in persons upon whom unfair methods of competition and unfair or deceptive acts or practices are employed and who[,] as a result, sustain an ascertainable loss.'"  *Hunt v. United States Tobacco Co.*, 538 F.3d 217, 221 (3d Cir. 2008) (quoting *Toy v. Metro. Life Ins. Co.*, 928 A.2d 186, 190 n.4 (Pa. 2007)); *see also* 73 P.S. § 201-3.  "In Pennsylvania, only malfeasance, the improper performance of a contractual obligation, raises a cause of action under the [UTPCPL], and an insurer's mere refusal to pay a claim which constitutes nonfeasance, the failure to perform a contractual duty, is not actionable."  *Horowitz v. Fed. Kemper Life Assurance Co.*, 57 F.3d 300, 307 (3d Cir. 1995) (citing *Gordon v. Pennsylvania Blue Shield*, 548 A.2d 600, 604 (Pa. Super. 1988)).  Additionally, a plaintiff "must prove justifiable reliance."  *See Hunt*, 538 F.3d at 221-22 (citing *Yocca v. Pittsburgh Steelers Sports, Inc.*, 854 A.2d 425, 438 (Pa. 2004) ("To bring a private cause of action under the UTPCPL, a plaintiff must show that he justifiably relied on the defendant's wrongful conduct or representation and that he suffered harm as a result of that reliance.")).

The UTPCPL applies to conduct surrounding the insurer's pre-formation conduct; "[i]t does not apply to the handling of insurance claims." *See Kelly v. Progressive Advanced Ins. Co.*, 159 F. Supp. 3d 562, 564-65 (E.D. Pa. 2016). Rather, the bad faith statute, 42 Pa. C.S. § 8371, applies to post-contract formation conduct. *See id.* (holding that "§ 8371 provides the exclusive statutory remedy applicable to claims handling" and that "an insured cannot bring an action under the UTPCPL based on the insurer's failure to pay a claim or to investigate a claim").

E.  **Bad Faith - Review of Applicable Law**

To state a bad faith claim under 42 Pa.C.S. § 8371, a plaintiff must show: "(1) that the insurer lacked a reasonable basis for denying benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis." *Klinger v. State Farm Mut. Auto. Ins. Co.*, 115 F.3d 230, 233 (3d Cir. 1997) (citing *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. 1994), *appeal denied*, 659 A.2d 560 (Pa. 1995)). "'[B]ad faith' on the part of insurer is any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent.'" *Id.*

IV.  **ANALYSIS**

A.  **The Motion to Dismiss is granted as uncontested.**

Because G.S. failed to respond to MSI's Motion to Dismiss in a timely manner, even after being warned that failure to respond might result in dismissal, the Motion is granted as uncontested. *See* E.D. Pa. L.R. 7.1. Accordingly, all claims against MSI are dismissed.

B.  **G.S. fails to state a claim against MSI.**

Although MSI's Motion to Dismiss is granted as uncontested, G.S.'s claims against MSI are also subject to dismissal for lack of merit.

G.S. alleges, first, that MSI is liable for breach of contract; but the policy G.S. attaches to the Amended Complaint is between G.S. and Evanston. Accordingly, the breach of contract

claim fails because there was no contract between G.S. and MSI. Furthermore, although G.S. never clarifies MSI's role, it appears MSI is Evanston's claims adjuster. Under Pennsylvania law, claims adjusters are not liable for breach of contract or related claims because an insurer denies coverage. *See Holohan v. Mid-Century Ins. Co.*, No. 20-5903, 2021 U.S. Dist. LEXIS 183967, at *10-11 (E.D. Pa. Sep. 27, 2021) ("While insurance adjusters have a duty to their principals . . . this duty does not create a contractual obligation between the adjuster and the insured.") (citing *Reto v. Liberty Mut. Ins.*, No. 18-2483, 2018 U.S. Dist. LEXIS 133336, at *2 (E.D. Pa. Aug. 8, 2018)).

Next, G.S. alleges MSI is liable for breach of fiduciary duty. Assuming *arguendo* that a separate breach of fiduciary duty claim may be raised in the insurance context, G.S. failed to allege any facts specific to MSI that would support such a claim. *See Dixon*, 146 A.3d at 787-88 (concluding that the plaintiff failed to plead sufficient facts supporting her allegation of a confidential relationship and explaining that the cases in which the courts found a fiduciary duty can exist in the context of an insurance contract are fact-specific and "not common in the standalone sale of an insurance policy"). Instead, all the allegations in the Amended Complaint are against Defendants collectively. The Amended Complaint uses the magic words: "confidential relationship" and "overmastering influence," *see* Am. Compl. ¶¶ 35-36, but these are mere legal conclusions unsupported by any facts as to MSI. *See Ashcroft*, 556 U.S. at 678; *Yenchi*, 161 A.3d at 820 ("The circumstances in which confidential relationships have been recognized are fact specific and cannot be reduced to a particular set of facts or circumstances."). Moreover, as previously explained, MSI was not a party to the insurance contract. *See Garvey v. National Grange Mut. Ins. Co.*, 1995 U.S. Dist. LEXIS 3283, *9 (E.D. Pa. March 5, 1997) (explaining that although the duties imposed by an insurance contract might give rise to a

fiduciary relationship between the parties, Pennsylvania law does not establish a fiduciary duty based on the duty of good faith and fair dealing).

G.S.'s third claim against MSI is for a violation of the UTPCPL. This claim also fails because MSI and G.S. never entered into a contract. Pennsylvania allows claims for violations of the UTPCPL under 73 P.S. § 201-1 only for improper performance of a contractual obligation or malfeasance (which requires a contractual obligation). *See Holohan*, 2021 U.S. Dist. LEXIS 183967, at *12-13. Although MSI was the claims adjuster for Evanston, the UTPCPL "does not apply to the handling of insurance claims." *Kelly*, 159 F. Supp. 3d at 564-65.

Finally, G.S. alleges MSI violated the bad faith statute, 42 Pa.C.S. § 8371. However, § 8371 applies where an insurer denies coverage frivolously or without merit. MSI, which did not enter into, or assume the risk of, a contract of insurance, is not an "insurer" under § 8371 and therefore cannot be liable. *See T & N PLC v. Pa. Ins. Guar. Ass'n*, 800 F. Supp. 1259, 1262 (E.D. Pa. 1992) (defining 'Insurer' as "the underwriter or insurance company with whom a contract of insurance is made [and t]he one who assumes risk or underwrites a policy") (quoting Black's Law Dictionary 139 (6th ed. 1990)).

All the claims against MSI are therefore dismissed with prejudice[2] for failure to state a claim.

## V.  CONCLUSION

The Amended Complaint asserts four counts against "Defendants" but does not identify the role of MSI, nor allege any facts that would establish a fiduciary duty on MSI's part.

---

[2]   Although a *pro se* plaintiff should normally be given an opportunity to file a curative amendment, *see Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002), G.S. is represented by counsel. Moreover, leave to amend need not be granted where an "amendment would be inequitable or futile." *Id.* Prior to filing the Amended Complaint, G.S. was advised of MSI's intent to seek dismissal. Accordingly, G.S. had an opportunity, but failed, to allege sufficient facts to support its claims against MSI and further leave to amend would be futile.

Additionally, MSI is neither an insurer nor a party to the insurance policy.  MSI has therefore moved to dismiss all claims against it.  Despite being advised that failure to respond to the Motion to Dismiss might result in the Motion being granted as uncontested, G.S. has failed to respond.  For this reason, and also because the claims against MSI lack merit, the Motion to Dismiss is granted.  MSI and all claims against it are dismissed with prejudice.

     A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*_____
JOSEPH F. LEESON, JR.
United States District Judge